429 So.2d 1363 (1983)
Louis LOPRINZO, Appellant,
v.
MALD CORPORATION and Liberty Mutual Insurance Company, Appellees.
No. AN-298.
District Court of Appeal of Florida, First District.
April 21, 1983.
*1364 Jon E. Krupnick, Krupnick & Campbell, P.A., Fort Lauderdale, and Richard A. Barnett, P.A., Hollywood, for appellant.
C. Randal Morcroft of Anthony J. Beisler, P.A., Fort Lauderdale, for appellees.
LARRY G. SMITH, Judge.
Appellant, who was injured in a pre-August 1, 1979 accident, seeks reversal of a deputy commissioner's order finding him not permanently, totally disabled, but capable of earning at least $100.00 per week. The deputy commissioner found that appellant suffered a permanent partial disability of the body as a whole of 80%, based on reduction of wage earning capacity in excess of his anatomical disability. We find it necessary to reverse the deputy commissioner's order limiting the award to 80%, since the evidence, when considered in the light of this court's decision in H.G. Boddiford Painting Contractors, Inc. v. Boddiford, 426 So.2d 1243 (Fla. 1st DCA 1983), mandates a finding of permanent total disability. Reversed.
The claimant's industrial accident occurred while the claimant was attempting to help a customer to start his stalled automobile, located in the parking area adjacent to and serving the claimant's place of business. While the claimant was in the process of pushing the customer's vehicle, another car parked in the same parking lot backed into the rear of the customer's vehicle, severely crushing both of his legs. The claimant's treating physician found physical impairments, based upon the AMA Guides, of 25% to the left leg, 90% of the right leg, with a medical disability of 50% of the body as a whole. The doctor also was of the opinion that claimant suffered a functional disability of 100% of the body as a whole. The medical evidence, the claimant's own testimony, and the testimony of two vocational rehabilitation specialists all confirm that the claimant is 100% disabled, completely incapable of competing in the open labor market.
At issue here is whether the claimant's ability to make daily visits to the small restaurant business he owns jointly with his wife evidences a "wage-earning capacity," under Section 440.15(3)(u), Florida Statutes (1978 Supp.), so as to preclude an award of "permanent total disability," *1365 under Section 440.15(1).[1] In spite of his serious injuries, the claimant regularly visited the Pizza Parlor, described by the vocational experts as a "mom and pop" operation. On these visits, which were only about three hours per day, he spent most of the time drinking coffee and chatting with customers, occasionally sitting at the cash register. The claimant's wife and other employees hired subsequent to the accident performed all of the work required to operate the restaurant, and he has drawn no salary from the business. While at the restaurant he was able to observe and check on the operation of the business, and was able to handle the checkbook and pay bills.
The deputy commissioner in her order emphasized the importance of "good will" to the claimant's business, pointing out that it was this factor that induced her to find that the actions of the claimant in assisting customers in the parking lot was held to be within the course and scope of his employment. She further found that the claimant is an articulate and knowledgable man, "capable of assisting in the management and operation of any small restaurant." She considered the claimant's practice of continuing to spend time at the restaurant as evidence of his continued participation in the restaurant activity, and his continuing to provide good will to the business. She concluded that the claimant's abilities, including his friendly personality and knowledge of the restaurant business, are assets which have a value and which have not been destroyed by his physical injuries. She thus concluded:
I find that the claimant has sustained an 80% permanent partial disability to the body as a whole based upon a reduction of his wage earning capacity in excess of his anatomical impairment. While the earning capacity of this claimant has been severely reduced, I do not believe it has been totally destroyed and the court is convinced this claimant is capable of earning at least $100.00 per week in the open competitive labor market.
Since the record does not otherwise demonstrate any basis for the deputy commissioner's finding that the claimant has an earning capacity of at least $100.00 per week "in the open and competitive labor market," it is apparent that the deputy commissioner was motivated by her conclusion concerning the importance of the claimant's contribution to the "good will" of the business, and that since this factor contributed heavily to the finding of compensability, it should also be considered in determining claimant's wage earning capacity.
Unfortunately, the deputy commissioner did not have the benefit of this court's decision in H.G. Boddiford Painting Contractors, Inc. v. Boddiford, supra, in rendering her decision.[2] This court made it clear in Boddiford that workers' compensation benefits are to be determined not upon the basis of whether an injured claimant is able to render non-physical services nominally *1366 of value to his own, or a family owned, business, but are to be determined based upon the claimant's ability to obtain and maintain employment in the open labor market. The evidence here clearly establishes the claimant's lack of employability. Therefore, for the reasons stated and upon consideration of the authorities cited in our Boddiford decision, it was error to limit the claimant's disability to 80%.
REVERSED and REMANDED for entry of an order awarding permanent total disability to the claimant.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] One who is so injured that he or she can perform no service other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled. Port Everglades Terminal Co., Inc. v. Canty, 120 So.2d 596 (Fla. 1960). As regards persons so injured as not to be able uninterruptedly to do even light work, it is incumbent upon the employer to show that suitable work is available, and if the employer fails to meet that burden, the deputy commissioner should hold that the injured claimant is totally and permanently disabled. Taylor v. Brennan Construction Company, 143 So.2d 320 (Fla. 1962).
[2] The deputy commissioner in Boddiford found that after the claimant was voluntarily accepted by the E/C as PTD, he still received monies designated as salary, for a time, from his own solely-owned corporation from whom he sought compensation benefits. He further found that, although the claimant was incapable of lending any active physical service to the corporation, he was able to, and was in fact, rendering consulting services which were, according to the deputy, worth approximately $200.00 per week. Nevertheless, in a ruling approved by this court, the deputy found that the claimant was not receiving "actual earnings," therefore no reduction (under Section 440.15(1)(d), Florida Statutes (1977)) was justified.